**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

ZHAO LIU,

*Plaintiff*,

v.

ANTITHESIS OPERATIONS LLC,

*Defendant*.

No. 1:26-cv-45 (PTG/WBP)

**ORDER**

This matter comes before the Court on the April 9, 2026, Report and Recommendation ("R&R") from Magistrate Judge William B. Porter on Plaintiff's Motion for Leave to File First Amended Complaint. Dkt. 35. Judge Porter recommended "grant[ing] the Motion as to paragraphs 3, 4, 7, 9, 24, 26, 28, 32,4 33(b), and 34 of the Proposed Amended Complaint and deny[ing] the Motion as to paragraphs 33(a) and 33(c) of the Proposed Amended Complaint." *Id.* at 14. Judge Porter further advised the parties that objections to the R&R had to be filed within fourteen (14) days of service and failure to object waives appellate review. *Id.*

On April 13, 2026, Plaintiff timely filed his Response and Limited Objections to the R&R. Dkt. 36. On April 23, 2026, Defendant filed its objections to the R&R. Dkt. 37. Defendant contends that Judge Porter erred by concluding that Plaintiff's filing of his employment discrimination claim with the Equal Employment Opportunity Commission's ("EEOC") Washington Field Office satisfied his obligation to exhaust administrative remedies related to his amended claims brought under the Virginia Human Rights Act ("VHRA"). Dkt.

37 9-13. Defendant avers that Plaintiff's failure to exhaust his administrative remedies under the VHRA makes them time barred, thereby making leave to amend futile. *Id.* at 2.

On September 19, 2025, Plaintiff filed a charge of discrimination with the EEOC against his employer, Antithesis Operations LLC ("Antithesis"), stating that he wanted "the charge filed with both the EEOC and the State or local Agency." Dkt. 27-1 at 2. Soon thereafter, the EEOC dually filed the discrimination complaint with the Fairfax County Office of Human Rights and Equity Programs ("OHREP"). *Id.* On November 26, 2025, the EEOC issued Plaintiff a right-to-sue letter. Dkt. 1-1. On January 8, 2026, Plaintiff, proceeding *pro se*, sued Antithesis alleging employment discrimination under Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act ("PDA"). Dkt. 1 at 4. On April 13, 2026, Plaintiff filed a Motion for Leave to File First Amended Complaint seeking to add causes of action pursuant to the VHRA. Dkt. 25.

The VHRA requires a plaintiff to exhaust administrative remedies before filing a civil action. Va. Code §§ 2.2-3907, 2.2-3908. Specifically, section 3907 of the VHRA requires individuals to file an administrative complaint with the Virginia Office of Civil Rights ("VOCR") prior to seeking relief from a court. *See Hoffman v. Inova Health Care Servs.*, 169 F.4th 207, 218 (4th Cir. 2026) ("The VHRA imposes its own exhaustion requirements that similarly involve first filing a charge and ultimately receiving notice from the state agency of one's right to file a civil suit."). The dispositive issue before the Court is whether Plaintiff's EEOC filing, which was dually filed with OHREP, satisfied his statutory obligation to exhaust by filing an administrative complaint with the VOCR.

Federal courts in Virginia have held that work-sharing agreements can function in such a manner. *See Hairston v. Nilit Am., Inc.*, 2023 WL 8011089, at *1 (W.D. Va. Nov. 20, 2023)

(finding that a discrete work-sharing agreement meant that "filing a charge of discrimination with the EEOC 'automatically initiate[d]' proceedings with the VOCR."). In *Hairston*, the work-sharing agreement that provided for such an agency relationship between the EEOC and the VOCR only encompassed complaints filed within the jurisdiction of the EEOC's Charlotte District Office. Such agreements are geographically constrained and do not extend nationwide. However, the issue in this case is whether such an agreement exists between the EEOC's Washington Field Office and the VOCR.

Here, Plaintiff's EEOC complaint, which was filed in Fairfax County, Virginia, falls within the jurisdiction of the EEOC's Washington D.C. Field Office. Unlike the EEOC's Charlotte District Office, the EEOC's Washington D.C. Field Office does not operate under the terms of a work-sharing agreement with the VOCR. Dkt. 37 at 11. Thus, given that Plaintiff's filing with the EEOC's Washington D.C. Field Office did not satisfy his statutory obligation to exhaust given the absence of a work-sharing agreement with the VOCR, the remaining question is whether his filing with OHREP satisfied that statutory obligation. The answer to that question is no.

OHREP's website explicitly disclaims any work sharing agreement with the VOCR. *See* FAIRFAX COUNTY OFFICE OF HUMAN RIGHTS AND EQUITY PROGRAMS, *How to File a Complaint*, https://www.fairfaxcounty.gov/humanrights/how-file-complaint (last visited Sep. 3, 2026). It states that "OHREP does not have a work-share agreement with the [VOCR], and, as a result, is unable to dual-file charges with that office." *Id.* The website informs individuals "interested in pursuing legal remedies . . . under the VHRA, [that they] must file [their] complaint directly with the VOCR." *Id.* And Plaintiff's filings demonstrate that he did no such thing. Dkt. 27-1 at 2. Plaintiff's EEOC charge was not directly filed with the VOCR but was presented to

OHREP. At bottom, Plaintiff's failure to present his charges to the VOCR means that he did not satisfy his statutory obligation to exhaust administrative remedies. Consequentially, Plaintiff is ineligible to amend his pleadings to include the causes of action seeking relief under the VHRA. Any amendment to his pleadings related to claims pursuant to the VHRA would be futile.

Having conducted a *de novo* review of the record, the Court **ADOPTS IN PART** and **REVERSES IN PART** the findings of Magistrate Judge Porter, as follows.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. 25) is **GRANTED in part** and **DENIED in part**; it is hereby

**ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. 25) is **GRANTED** as it pertains to leave to amend paragraphs 7, 24, 26, and 28;[1] and it is

**ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. 25) is **DENIED** as it pertains to leave to amend paragraphs 3, 4, 9, 32, 33, and 34.

Entered this 22nd day of September, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

---

[1] The Court will leave undisturbed Judge Porter's conclusion that proposed amendments involving "jurisdiction, venue, and the Title VII claim," which were not challenged by Antithesis be granted. Dkt. 35 at 14 n.4.